Christopher D. Henderson, Esq. – Bar No. 338849
(chris@cdhlawoffices.com)
**LAW OFFICES OF CHRISTOPHER D. HENDERSON**
3780 Kilroy Airport Way, Suite 200
Long Beach, California  90806
Telephone: (562) 256-7045
Facsimile: (562) 600-2876

Attorneys for Plaintiff Providence Publications, LLC

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| PROVIDENCE PUBLICATIONS, LLC, a California limited liability company,<br><br>         Plaintiff,<br>    vs.<br><br>NBCUNIVERSAL MEDIA, LLC, a Delaware limited liability company,<br><br>         Defendants. | **Civil Action No.: 2:23-cv-8551**<br><br>**COMPLAINT FOR COPYRIGHT INFRINGEMENT**<br><br><br>**[JURY DEMANDED]** |

Plaintiff Providence Publications, LLC ("Plaintiff"), by and through its undersigned counsel, alleges the following as and for its complaint against Defendant, NBCUniversal Media, LLC ("Defendant"):

## INTRODUCTION

1. Plaintiff brings this action against Defendant under the Copyright Act of 1976, 17 U.S.C. §§ 101 *et seq.* (the "Copyright Act") for, among other things, willful infringement of Plaintiff's registered copyrights.

# THE PARTIES

2. Plaintiff is a California limited liability company with its principal place of business located at 4120 Douglas Boulevard, #306-271, Granite Bay, California 95746.

3. Upon information and belief, Defendant is a limited liability company organized and existing under the laws of Delaware with its headquarters located at 30 Rockefeller Plaza, New York, New York 10112.

4. Upon information and belief, Defendant is doing business in this District and has an office located at 100 Universal City Plaza, Universal City, CA 91608.

# JURISDICTION AND VENUE

5. This Court has jurisdiction over causes of action alleging copyright infringement pursuant to Sections 501, *et seq.* of the Copyright Act. Additionally, the Court has federal question subject matter jurisdiction under 28 U.S.C. § 1331 because the federal courts are vested with exclusive jurisdiction in copyright cases. 28 U.S.C. § 1338(a).

6. This Court has personal jurisdiction over Defendant because, upon information and belief, Defendant is present and doing business in this District, and the acts of copyright infringement alleged herein took place in this District.

7. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and 1400(a).

# FACTUAL BACKGROUND
## Plaintiff's Publications

8. Plaintiff is the publisher of the newsletter *Cal-OSHA Reporter* ("COR") which is published by Plaintiff and distributed to its subscribers approximately 48 times a year. A representative copy of the December 18, 2020 issue of COR is attached hereto as Exhibit A (the "December 18, 2020 Registered COR Work").

9. Plaintiff's focus is providing original, high-quality articles and analysis relating to occupational safety and health issues particularly in the state of California. Plaintiff has invested substantial time and resources to create its original publications, including COR.

10. In order for third parties to regularly benefit from Plaintiff's analytical and creative content contained in COR, Plaintiff offers subscriptions to interested parties to access the valuable content contained in Plaintiff's publications, including COR. Plaintiff sells three types of subscriptions to COR: (1) single copy subscriptions; (2) team subscriptions for a specific number of copies for as specific number of identified recipients; and (3) enterprise subscriptions, for internal use by an entire subscriber institution. Subscribers to COR obtain the publication as a PDF document delivered by email.

### Plaintiff's Cal-OSHA Reporter Copyrights

11. Plaintiff is the exclusive copyright owner in, and to, numerous original works of authorship including, without limitation, the issues of Cal-OSHA Reporter ("COR") and the articles contained therein.

12. Among other copyright registrations, Plaintiff is the owner of the following U.S. Copyright Registrations for the following issues of COR (hereinafter collectively referred to as the "Registered COR Work(s)"), attached hereto as Exhibits B-1 and B-2:

- No. TX 7-724-026 for Volume 40 covering 7 works and the articles contained therein published in January and February 2013;
- No. TX 7-724-038 for Volume 40 covering 9 works and the articles contained therein published in March and April 2013;
- No. TX 7-726-777 for Volume 40 covering 9 works and the articles contained therein published in May and June 2013;
- No. TX 7-750-845 for Volume 40 covering 7 works and the articles contained therein published in July and August 2013;

- No. TX 7-786-060 for Volume 40 covering 8 works and the articles contained therein published in September and October 2013;
- No. TX 7-824-075 for Volume 40 covering 8 works and the articles contained therein published in November and December 2013;
- No. TX 7-853-938 for Volume 41 covering 8 works and the articles contained therein published in January and February 2014;
- No. TX 7-856-044 for Volume 41 covering 8 works and the articles contained therein published in March and April 2014;
- No. TX 7-919-299 for Volume 41 covering 9 works and the articles contained therein published in May and June 2014;
- No. TX0 8-060-075 for Volume 41 covering 7 works and the articles contained therein published in July and August 2014;
- No. TX0 8-010-457 for Volume 41 covering 9 works and the articles contained therein published in September and October 2014;
- No. TX0 7-979-621 for Volume 41 covering 7 works and the articles contained therein published in November and December 2014;
- No. TX 8-296-495 for Volume 42 covering 8 works and the articles contained therein published in January and February 2015;
- No. TX0 8-096-942 for Volume 42 covering 8 works and the articles contained therein published in March and April 2015;
- No. TX 8-164-817 for Volume 42 covering 9 works and the articles contained therein published in May and June 2015;
- No. TX 8-150-117 for Volume 42 covering 7 works and the articles contained therein published in July and August 2015;
- No. TX 8-171-105 for Volume 42 covering 9 works and the articles contained therein published in September and October 2015;
- No. TX 8-255-831 for Volume 42 covering 7 works and the articles contained therein published in November and December 2015;

- No. TX 8-184-101 for Volume 43 covering 8 works and the articles contained therein published in January and February 2016;
- No. TX 8-218-987 for Volume 43 covering 9 works and the articles contained therein published in March and April 2016;
- No. TX 8-313-107 for Volume 43 covering 8 works and the articles contained therein published in May and June 2016;
- No. TX 8-344-579 for Volume 43 covering 12 works and the articles contained therein published in July, August, and September 2016;
- No. TX 8-372-840 for Volume 43 covering 4 works and the articles contained therein published in October 2016;
- No. TX 8-360-669 for Volume 43 covering 7 works and the articles contained therein published in November and December 2016;
- No. TX 8-368-847 for Volume 44 covering 7 works and the articles contained therein published in January and February 2017;
- No. TX 8-411-770 for Volume 44 covering 13 works and the articles contained therein published in March, April, and May 2017;
- No. TX 8-456-662 for Volume 44 covering 11 works and the articles contained therein published in June, July, and August 2017;
- No. TX 8-562-708 for Volume 44 covering 9 works and the articles contained therein published in September and October 2017;
- No. TX 8-523-210 for Volume 44 covering 8 works and the articles contained therein published in November and December 2017;
- No. TX 8-564-225 for Volume 45 covering 7 works and the articles contained therein published in January and February 2018;
- No. TX 8-574-139 for Volume 45 covering 9 works and the articles contained therein published in March and April 2018;
- No. TX 8-633-989 for Volume 45 covering 9 works and the articles contained therein published in May and June 2018;

- No. TX 8-637-838 for Volume 45 covering 7 works and the articles contained therein published in July and August 2018;
- No. TX 8-664-050 for Volume 45 covering 8 works and the articles contained therein published in September and October 2018;
- No. TX 8-701-661 for Volume 45 covering 8 works and the articles contained therein published in November and December 2018;
- No. TX 8-745-148 for Volume 46 covering 7 works and the articles contained therein published in January and February 2019;
- No. TX 8-769-451 for Volume 46 covering 9 works and the articles contained therein published in March and April 2019;
- No. TX 8-818-329 for Volume 46 covering 9 works and the articles contained therein published in May and June 2019;
- No. TX 8-832-090 for Volume 46 covering 7 works and the articles contained therein published in July and August 2019;
- No. TX 8-842-831 for Volume 46 covering 8 works and the articles contained therein published in September and October 2019;
- No. TX 8-842-756 for Volume 46 covering 8 works and the articles contained therein published in November and December 2019;
- No. TX 8-858-284 for Volume 47 covering 8 works and the articles contained therein published in January and February 2020;
- No. TX 8-879-081 for Volume 47 covering 8 works and the articles contained therein published in March and April 2020;
- No. TX 8-884-793 for Volume 47 covering 9 works and the articles contained therein published in May and June 2020;
- No. TX 8-915-010 for Volume 47 covering 7 works and the articles contained therein published in July and August 2020;
- No. TX 8-951-247 for Volume 47 covering 9 works and the articles contained therein published in September and October 2020;

- No. TX 8-995-223 for Volume 47 covering 8 works and the articles contained therein published in October, November, and December 2020;
- No. TX 8-991-157 for Volume 48 covering 8 works and the articles contained therein published in January and February 2021;
- No. TX 8-996-341 for Volume 48 covering 9 works and the articles contained therein published in March and April 2021;
- No. TX 9-001-388 for Volume 48 covering 8 works and the articles contained therein published in May and June 2021;
- No. TX 9-009-027 for Volume 48 covering 7 works and the articles contained therein published in July and August 2021;
- No. TX 9-047-538 for Volume 48 covering 9 works and the articles contained therein published in September and October 2021;
- No. TX 9-064-964 for Volume 48 covering 8 works and the articles contained therein published in October, November, and December 2021;
- No. TX 9-132-362 for Volume 49 covering 8 works and the articles contained therein published in January and February 2022;
- No. TX 9-132-333 for Volume 49 covering 9 works and the articles contained therein published in March and April 2022;
- No. TX 9-149-196 for Volume 49 covering 8 works and the articles contained therein published in May and June 2022; and
- No. TX 9-168-284 for Volume 49 covering 7 works and the articles contained therein published in July and August 2022.

### The Cal-OSHA Reporter Copyright Notices

13.   Plaintiffs have complied with the laws pertinent to providing notice of Plaintiff's copyrights in, and to, COR and its other publications.  Specifically, Plaintiff provides copyright notices and warnings on its website, e-mails, articles and publications, including COR, so that third parties are aware of Plaintiff's rights in its publications and works of original authorship (the "Copyright Notice and Warnings").  As a representative

example, the Copyright Notice and Warnings contained in the December 18, 2020 Registered COR Work state, in pertinent part:

> ©2020 Providence Publications, LLC  All Rights Reserved
>
> ….
>
> No part of this material may be reproduced or transmitted in any form or by any means, electronic, optical, mechanical, or otherwise, including photocopying or recording, satellite or facsimile transmission, or in connection with any information, image or object, storage or retrieval system without permission in writing from ***Cal-OSHA Reporter***.

(Exhibit A at 2).  As an additional representative example, each page following the first page of the December 18, 2020 Registered COR Work includes the following copyright notice at the foot of the page: ©2020 Cal-OSHA Reporter®

14. Plaintiff also includes Copyright Notice and Warnings in the cover email delivering the Registered COR Works to Plaintiff's subscribers.  As a representative example, the cover email delivering the December 18, 2020 Registered COR Work specifically states: "The material herein is copyright 2020 Providence Publications, LLC. All Rights Reserved."  (Exhibit C).

15. Based on these representative examples of the Copyright Notice and Warnings, Plaintiff is in compliance with the copyright notice requirements set forth in the Copyright Act, 17 U.S.C. § 401.

16. Upon information and belief, Defendant is primarily involved in the media and entertainment industry and creates and owns original, copyrightable content.  Upon information and belief, Defendant derives a substantial amount of its revenue from its own use and its licensing of the use of its copyrighted works by third parties.

17. Upon information and belief, Defendant utilizes the copyright notice requirements set forth in the Copyright Act, 17 U.S.C. § 401, on its original works that it owns, uses, and licenses, so that third parties are aware of Defendant's claim of copyright to its works of original authorship.

18. Upon information and belief, Defendant's corporate policies address, among other things, the proper handling of the copyrighted works of third parties and prohibit the infringement of the copyrighted works of third parties as against Defendant's corporate policy.

19. Accordingly, Defendant knew that the December 18, 2020 Registered COR Work and all other issues of COR received by Defendant and the articles contained therein were and are protected by U.S. copyright laws.

20. The copyright notices appearing conspicuously on multiple materials received by Defendant, including the COR publications, demonstrate Defendant's actual notice of Plaintiff's copyrights in the Registered COR Works received by Defendant and the articles contained therein, all of which are protected by U.S. copyright laws.

21. Defendant had constructive knowledge of Plaintiff's copyrights in the Registered COR Works based on receiving the COR publications containing the copyright notices prominently displayed in each of the COR publications.

22. Having complied with the copyright notice requirements set forth in the Copyright Act, 17 U.S.C. § 401, Plaintiff has provided Defendant with complete and proper notice of Plaintiff's copyrights in the Registered COR Works.

**Defendant's Cal-OSHA Reporter Subscription History**

23. From at least as early as 2013 through to the present Defendant has maintained a subscription for five (5) copies of COR and the articles therein with email delivery to Defendant's designated recipients.

24. Upon information and belief, currently Defendant's employees Aimee Kool, Ilse Bacchus, Kevin Kaufman, Laura Tankenson and Michelle Richards are the five (5) employees designated by Defendant to receive Defendant's five (5) copies of COR. Upon information and belief, Defendant had previously designated its employees Joseph Bellas, Jennifer Martinez and James Gibson as recipients of one of the five copies of COR to which Defendant subscribed. Upon information and belief, and upon Defendant's

request, Bellas, Martinez and Gibson were removed as designated recipients of Defendant's subscription to COR and were replaced by other employees of Defendant designated by Defendant. All of the designated recipients of Defendant identified above, both past and present, are collectively referred to as "Defendant's Recipients" herein.

25. Upon information and belief, Defendant paid for and maintained its five-copy subscription to COR since at least as early as 2013 and during all relevant times herein.

26. Upon information and belief, Defendant's Recipients were fully aware of Defendant's own corporate policies and compliance obligations concerning the handling of copyrighted materials owned by third parties.

27. Defendant has annually renewed its subscription each year for five copies of COR which was delivered via email to Defendant's Recipients every year since 2013.

28. Upon information and belief, Defendant purchased and paid for its annual five-copy subscription to COR.

## Defendant's Infringement of the Registered COR Works

29. Analysis of email data from the delivery of the COR publication to the Defendant indicates that the email delivering COR to Defendant's Recipients was routinely forwarded multiple times on a number of days, and, upon information and belief, Defendant, through Defendant's Recipients, has been copying as well as distributing copies of the Registered COR Works to multiple other employees of Defendant.

30. Upon information and belief, for all relevant time periods, the individuals unlawfully copying, distributing and receiving the infringing copies of the Registered COR Works as described herein were employees, officers, directors, and/or agents of Defendant, acting within their official capacity as employees, officers, directors, and/or agents of Defendant.

31. Upon information and belief, and by way of example and without limitation, the email delivering the December 18, 2020 Registered COR Work to Defendant's Recipients was forwarded approximately 4 separate times, creating multiple copies of COR and demonstrating that Defendant distributed copies of the December 18, 2020 Registered COR Work to other, multiple employees of Defendant.

32. Plaintiff's records show that the COR delivery emails sent to Defendant's Recipients have been forwarded and copied regularly. As shown by the below chart, from April 1, 2021 through May 12, 2022 Defendant's serial copying and distribution of the Registered COR Works involved the copying and distribution of at least 47 separate COR works, which were collectively forwarded 605 times, with each work forwarded an average of over 12 times.

| COR Publication Date | Number of Forwards |
|---|---|
| April 1, 2021 | 15 |
| April 15, 2021 | 14 |
| April 22, 2021 | 15 |
| April 29, 2021 | 15 |
| May 6, 2021 | 1 |
| May 13, 2021 | 16 |
| May 20, 2021 | 19 |
| May 27, 2021 | 1 |
| June 4, 2021 | 3 |
| June 18, 2021 | 20 |
| June 24, 2021 | 17 |
| July 1, 2021 | 17 |
| July 22, 2021 | 20 |
| July 29, 2021 | 5 |

| Date | Count |
|---|---|
| August 5, 2021 | 2 |
| August 12, 2021 | 16 |
| August 19, 2021 | 1 |
| August 26, 2021 | 17 |
| September 24, 2021 | 10 |
| September 30, 2021 | 5 |
| October 7, 2021 | 11 |
| October 14, 2021 | 16 |
| November 18, 2021 | 15 |
| November 24, 2021 | 14 |
| December 2, 2021 | 2 |
| December 9, 2021 | 15 |
| December 17, 2021 | 13 |
| January 6, 2022 | 20 |
| January 13, 2022 | 4 |
| January 20, 2022 | 3 |
| January 27, 2022 | 1 |
| February 3, 2022 | 19 |
| February 10, 2022 | 16 |
| February 17, 2022 | 16 |
| February 24, 2022 | 24 |
| March 3, 2022 | 1 |
| March 10, 2022 | 33 |
| March 17, 2022 | 12 |
| March 24, 2022 | 31 |
| March 31, 2022 | 23 |
| April 7, 2022 | 20 |

| | |
|---|---|
| April 14, 2022 | 20 |
| April 21, 2022 | 15 |
| April 28, 2022 | 1 |
| May 5, 2022 | 19 |
| May 12, 2022 | 12 |

33. This pattern of routine and substantial forwarding indicates a systematic copying and distribution of COR by Defendant. Furthermore, Plaintiff's email delivery data only captures limited data, and thus the data presented herein likely understates the actual volume of copying and distribution by the Defendant of the Registered COR Works and infringement of Plaintiff's copyrights in the same.

34. Upon information and belief, the unlawful copying and distribution of the Registered COR Works began as least as early as January 11, 2013 and has continued through to at least July 12, 2022.

35. Upon information and belief, Defendant's email servers, servers, and computer systems are highly secure and only those individuals or entities that Defendant designates may access them.

36. Upon information and belief, Defendant's email servers, servers, and computer systems cannot be accessed by the general public or by Plaintiff.

37. Upon information and belief, despite notice of the numerous Copyright Notice and Warnings against reproduction and copying and Plaintiff's express warning in September 2020, Defendant has been making copies of the Registered COR Works, and the articles contained therein, and forwarding or otherwise distributing the same, in willful and deliberate violation of Plaintiff's copyrights in the Registered COR Works.

38. Plaintiff has never authorized Defendant to copy, transmit, or distribute the Registered COR Works.

39. By unlawfully copying, transmitting and distributing the Registered COR Works, Defendant has, and is, violating Plaintiff's exclusive rights to reproduce and distribute the Registered COR Works.

40. Upon information and belief, Defendant actively and willfully infringed Plaintiff's copyrights in the Registered COR Works, and concealed its regular and systematic copying and forwarding of the Registered COR Works, and the articles contained therein, from Plaintiff.

41. The Copyright Act provides that a copyright owner is entitled to recover the actual damages suffered as a result of the infringement and any profits of the infringer that are attributable to the infringement, or the copyright owner may elect, at any time before final judgment, to recover statutory damages. Statutory damages range from $750 to $30,000 for each work infringed. If the infringement was committed willfully, the statutory damage award may be increased up to $150,000 for each work infringed.

42. Upon information and belief, Defendant's actions of copying and distributing the Registered COR Works constitute willful infringement of Plaintiff's Registered COR Works.

## COUNT ONE

## (COPYRIGHT INFRINGEMENT OF THE REGISTERED COR WORKS)

43. Plaintiff repeats and realleges the allegations of Paragraphs 1–42 as though fully set forth herein.

44. The Registered COR Works are highly original and contain creative expression and independent analysis. The individual works comprising the Registered COR Works are original works copyrightable under 17 U.S.C. § 102(a).

45. Plaintiff owns all right, title, and interest in and to the Registered COR Works and are the owners of valid copyright registrations for the Registered COR Works. *See* Exhibits B-1 and B-2.

46. As the owner of the Registered COR Works, Plaintiff has the exclusive right to (1) reproduce the Registered COR Works and (2) distribute copies of the Registered COR Works pursuant to Section 106 of the Copyright Act, 17 U.S.C. § 106.

47. Upon information and belief, Defendant has for years willfully copied and distributed the Registered COR Works on a consistent and systematic basis, without Plaintiff's authorization or consent, and concealed these activities from Plaintiff.

48. Based on the inclusion of the Copyright Notice and Warnings contained in each of the Registered COR Works, in the transmittal emails delivering the COR publications to Defendant, and on Plaintiff's website, Defendant knew and/or was on notice that the Registered COR Works were and are protected by United States copyright laws, and Defendant is therefore unable to assert a defense of innocent infringement. *See* 17 U.S.C. § 401(d).

49. Plaintiff's Copyright Notice and Warnings, and U.S. copyright law, prohibit copying and distributing of the Registered COR Works. *See* 17 U.S.C. § 501(a).

50. Upon information and belief, Defendant willfully infringed the copyrights in the Registered COR Works by acting with knowledge that its actions constituted infringement, or at least with reckless disregard of, or willful blindness to, the possibility that the conduct complained about constitutes infringement.

51. Defendant's acts violate Plaintiff's exclusive rights under § 106 of the Copyright Act of 1976, 17 U.S.C. § 106, as amended, and constitute willful infringement of Plaintiff's copyrights in the Registered COR Works. Defendant's past and continuing copying, transmitting, and distribution of Plaintiff's Registered COR Works constitute a willful, deliberate, and ongoing infringement of Plaintiff's registered copyrights and are causing irreparable harm and damage to Plaintiff.

52. Plaintiff has no adequate remedy at law.

## JURY DEMAND

Plaintiff hereby demands a jury trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendant on the foregoing claim as follows:

(1) That Defendant, its directors, officers, agents, subsidiaries, and affiliates, and all persons acting by, through, or in concert with any of them, be permanently enjoined from infringing any registered copyrights of Plaintiff in any manner, and from copying, exhibiting, transmitting, displaying, distributing, or preparing derivative works from any of the registered copyrighted material in any past, present, or future issue of COR, including the Registered COR Works and the articles contained therein;

(2) That Defendant be required to pay to Plaintiff such actual damages as it has sustained and/or statutory damages as a result of Defendant's infringement of Plaintiff's registered copyrights pursuant to 17 U.S.C. § 504, which should be increased due to Defendant's willful infringement pursuant to 17 U.S.C. § 504(c)(2);

(3) That Defendant be required to account for and disgorge to Plaintiff all gains, profits, and advantages derived from its infringement of Plaintiff's registered copyrights pursuant to 17 U.S.C. § 504;

(4) That the Court issue an Order requiring Defendant to hold harmless and indemnify Plaintiff from any claim(s) raised by any third party who allegedly relied on any of Plaintiff's publications it received as a result of Defendant's unauthorized use of the Plaintiff's registered copyrighted materials;

(5) That the Court enter judgment against Defendant in favor of Plaintiff's claims, including pre-judgment and post-judgment interest, as allowed by law;

(6) That the Court enter judgment against Defendant finding that its unlawful copying, transmitting, and distributing of the Registered COR Works and the articles contained therein was willful;

(7) That Defendant be ordered to pay to Plaintiff its costs in this action along with reasonable attorneys' fees pursuant to 17 U.S.C. § 505; and

(8) That Plaintiff be granted such other, further, and different relief as the Court deems just and proper.

Dated: October 10, 2023

By: /s/Christopher D. Henderson
Christopher D. Henderson, Esq.
chris@cdhlawoffices.com
Law Offices of Christopher D. Henderson
3780 Kilroy Airport Way
Suite 200
Long Beach, California  90806
Tel.: (562) 256-7045
Fax:  (562) 600-2876

Counsel for Plaintiff
Providence Publications, LLC

Of Counsel:

Robert L. Powley
rlpowley@powleygibson.com
Thomas H. Curtin
thcurtin@powleygibson.com
Stephen M. Ankrom
smankrom@powleygibson.com
**Powley & Gibson, P.C.**
60 Hudson Street, Suite 2203
New York, New York 10013
Telephone: (212) 226-5054
Facsimile: (212) 226-5085