1  DAVID GROSSMAN (SBN 211326)
   dgrossman@loeb.com
2  TODD J. DENSEN (SBN 318051)
   tdensen@loeb.com
3  LOEB & LOEB LLP
   10100 Santa Monica Blvd., Suite 2200
4  Los Angeles, CA  90067
   Telephone: 310.282.2000
5  Facsimile: 310.282.2200

6  Attorneys for Defendant
   NBCUNIVERSAL MEDIA, LLC
7

8                    UNITED STATES DISTRICT COURT

9                    CENTRAL DISTRICT OF CALIFORNIA

10

11  PROVIDENCE PUBLICATIONS,           Case No.: 2:23-cv-08551-HDV-SK
    LLC, a California limited liability
12  company;                           Assigned to Hernán D. Vera

13              Plaintiff,             **DEFENDANT NBCUNIVERSAL
                                       MEDIA, LLC'S NOTICE OF
14       v.                            MOTION AND MOTION FOR
                                       ATTORNEYS' FEES AND COSTS
15  NBCUNIVERSAL MEDIA, LLC, a         PURSUANT TO 17 U.S.C. § 505;
    Delaware limited liability company, MEMORANDUM OF POINTS &
16                                      AUTHORITIES IN SUPPORT**
                Defendant.
17                                     *[Concurrently filed: Declaration of
18                                     David Grossman;  [Proposed] Order
                                       Granting Motion]*
19

20                                     Date:  May 8, 2025
21                                     Time:  10:00 a.m.
                                       Courtroom: 5B
22

23

24

25

26

27

28

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

241069038.4
231389-10014

DEFENDANT'S MOTION FOR
ATTORNEY'S FEES

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** on May 8, 2025, at 10:00 a.m., in Courtroom 5B of the above-entitled court, Judge Vera presiding, Defendant NBCUniversal Media, LLC ("Defendant" or "NBCU"), through its attorneys of record, respectfully will, and hereby does move pursuant to 17 U.S.C. § 505 and Fed. R. Civ. P. 54(d)(2), for an award of attorneys' fees and costs against Plaintiff Providence Publications, LLC ("Plaintiff" or "Providence") incurred in defending this action brought under the Copyright Act. Defendant seeks $568,095.92 in attorneys' fees incurred in the successful defense of this action.

The Copyright Act provides that the Court may award attorneys' fees to a prevailing party after reviewing the relevant factors. In this case, the factors considered by courts in this Circuit strongly favor an award of fees. First, Defendant NBCU achieved complete success on the merits and obtained summary judgment on Providence's copyright claims. Further, the claims in this copyright infringement action were objectively unreasonable – Providence sought extraordinary damages based on claimed "infringements" arising from NBCU's forwarding of a newsletter it held several paid subscriptions to, the cost of which was approximately $200-400 per year. Providence never disclosed to the Court that Providence had expressly advised NBCU at the time it subscribed to the newsletters (and for many years afterwards) that it was permitted to forward these newsletters on a non-profit basis.

Providence also lacked a good-faith motivation in filing and prosecuting this lawsuit, as it filed suit after refusing to engage with NBCU's in-house and outside counsel, and then prosecuted this lawsuit in a manner designed to increase NBCU's costs so as to extract a settlement before its claims could be adjudicated. Further, Providence did not concede that over two hundred of its claimed "infringements" (comprising half of its "damages" calculations) were not viable claims until a week <u>after</u> it attended the mandatory mediation. Thereafter, Providence refused to meet

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

241069038.4
231389-10014

2

DEFENDANT'S MOTION FOR
ATTORNEY'S FEES

and confer regarding NBCU's motion for summary adjudication, and then announced two days before it served a motion for summary adjudication that it would be filing a counter-motion to NBCU's motion – which counter-motion was entirely unnecessary and only sought to adjudicate certain affirmative defenses, but would not have removed any factual issues from the case. Thus, NBCU was forced to litigate a case with claims for damages entirely disproportionate to the value of the underlying works all the way through summary judgment and to the eve of trial. Finally, and importantly, an award of fees in this case would further the purposes of the Copyright Act, and would deter meritless litigation while at the same time encouraging innocent defendants to litigate meritless claims to finality.

This Motion is based upon this Notice of Motion, the supporting Memorandum of Points and Authorities, the concurrently filed Declaration of David Grossman, all records and pleadings on file with the Court in this action and on such further evidence and argument as may be presented at or before the time of the hearing.

This motion is made in accordance with L.R. 7-3, as the Defendant's counsel advised Providence's counsel that it would be filing this motion (via phone and email) on April 1, 2025. *See* Declaration of David Grossman ("Grossman Decl.") ¶ 25. As it has done several times in the course of this case, Providence's counsel did not respond to this request to meet and confer.

Dated:  April 8, 2025

LOEB & LOEB LLP
DAVID GROSSMAN
TODD J. DENSEN

By: */s/ David Grossman*
David Grossman

Attorneys for Defendant
NBCUNIVERSAL MEDIA, LLC

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

241069038.4
231389-10014

3

DEFENDANT'S MOTION FOR
ATTORNEY'S FEES

# **TABLE OF CONTENTS**

**Page**

I.    INTRODUCTION ........................................................................................ 1

II.   ARGUMENT ............................................................................................ 3

    A.   Legal Standard ............................................................................. 3

    B.   Defendant Is Entitled to Recover Attorneys' Fees Expended in
        Connection With The Defense of This Lawsuit. ................................ 6

        1.   Degree of Success. ............................................................. 6

        2.   Objective Unreasonableness. ............................................. 6

        3.   Frivolousness/Motivation. ................................................. 8

        4.   Compensation and Deterrence. ........................................ 10

    C.   Reasonableness of the Amount of Fees Requested. .......................... 11

III.  CONCLUSION ........................................................................................ 13

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Federal Cases**

*Blum v. Stenson*,
 465 U.S. 886 (1984) ............................................................................... 11

*DuckHole Inc. v. NBCUniversal Media LLC*,
 No. CV-12-10077-BRO, 2013 U.S. Dist. LEXIS 157304 (C.D. Cal.
 Oct. 25, 2013) ................................................................................... 6, 10

*Entm't Res. Group, Inc. v. Genesis Creative Group, Inc.*,
 122 F.3d 1211 (9th Cir. 1997), *cert. denied*, 523 U.S. 1021 (1998) ............... 4, 5

*Fantasy, Inc. v. Fogerty*,
 94 F.3d 553 (9th Cir.1996) ................................................................. 4, 5, 8

*Fogerty v. Fantasy, Inc.*,
 510 U.S. 517 (1994) ......................................................................*passim*

*Gable v. NBC*,
 No. CV 08-4013 SVW, 2010 U.S. Dist. LEXIS 150588 (C.D. Cal.
 Aug. 5, 2010) .................................................................................... 5, 12

*Hensley v. Eckerhart*,
 461 U.S. 424 (1983) ............................................................................ 4, 11

*Identity Arts v. Best Buy Enter.*,
 No. C 05-4656 PJH, 2008 U.S. Dist. LEXIS 119865 (N.D. Cal. Mar.
 26, 2008) ............................................................................................. 10

*Kirtsaeng v. John Wiley & Sons, Inc.*,
 579 U.S. 197 (2016) ................................................................................. 6

*Maljack Prods, Inc. v. Goodtimes Home Video Corp.*,
 81 F.3d (9th Cir. 1996) ............................................................................. 6

*Perfect 10, Inc. v. CCBill LLC*,
 488 F.3d 1102 (9th Cir. 2007) ................................................................... 4

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

241069038.4
231389-10014

ii

DEFENDANT'S MOTION FOR
ATTORNEY'S FEES

*Perfect 10, Inc. v. Giganews, Inc.*,
    No. CV 11- 07098-AB, 2015 WL 1746484, *8 (C.D. Cal. Mar. 24,
    2015) .................................................................................................. 8

*Shame on You Prods. v. Banks*,
    893 F.3d 661 (9th Cir. 2018) ................................................... 5, 6, 9

*Smith v. Jackson*,
    84 F.3d 1213 (9th Cir. 1996) ............................................................ 5

*Zobmondo Entm't LLC v. Falls Media LLC*,
    No. CV 06-3459 ABC, 2009 U.S. Dist. LEXIS 9306 (C.D. Cal. Jan.
    23, 2009) ........................................................................................ 10

**Federal Statutes**

Copyright Act ............................................................................. *passim*

Copyright Act
    § 505 ............................................................................................ 3, 4

**Other Authorities**

Cal-OSHA Reporter ........................................................................... 1

Fed. R. Civ. P. 54(d)(2)(B) ............................................................. 12

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

241069038.4
231389-10014

iii

DEFENDANT'S MOTION FOR
ATTORNEY'S FEES

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

Plaintiff Providence Publications, LLC solicited NBCU for years in an attempt to convince NBCU to purchase a license to the Cal-OSHA Reporter (the "COR").  The COR contains factual summaries of administrative decisions and regulations and costs a few hundred dollars per year.  Providence told its customers, including NBCU, that they could forward the COR.  In fact, Providence affirmatively and repeatedly represented in writing that: "The Cal-OSHA Reporter may be forwarded, copied or distributed," so long as it was not "distributed for profit."  After NBCU purchased a license, Providence continued to tell NBCU's employees that "The Cal-OSHA Reporter may be forwarded, copied or distributed."

Providence never told NBCU otherwise.  Further, Providence, at all relevant times, used marketing and tracking software called "Lyris" that purports to track forwards of the emails delivering the COR.  After telling NBCU that forwarding was permitted, and having tracked NBCU's receipt, review and forwards of Providence's newsletters for a decade, Providence asserted that the very same use that it encouraged and expressly permitted constituted "copyright infringement."

Providence's Complaint in this action did not disclose these critical facts regarding its claims.  Further, Providence only produced the hundreds of emails showing that it repeatedly asserted that "the [COR] may be forwarded…" **after** it was ordered to do so by the Court.  Moreover, Providence was ordered to produce documents demonstrating that it had restricted or changed the terms of NBCU's license – but it failed to turn over any responsive documents, as there are none.

This lawsuit lacked merit from its inception, and was litigated in an objectively unreasonable manner.  Providence's conduct throughout this litigation was designed to increase NBCU's costs and to extract an undeserved settlement.  Attorneys' fees are to be awarded to a prevailing defendant, in the Court's

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

241069038.4
231389-10014

1

DEFENDANT'S MOTION FOR
ATTORNEY'S FEES

discretion, if the successful defense of an infringement claim furthers the purposes of the Copyright Act. Here, the relevant factors, including objective unreasonableness, Defendant's success, Plaintiff's motivation, and the goals of the Copyright Act, all support an award of fees.

First, NBCU achieved complete success in obtaining a summary judgment.

Second, Plaintiff engaged in bad faith litigation tactics throughout the duration of this action. Providence refused to engage with opposing counsel before filing this lawsuit. Instead of responding to outside counsel's pre-litigation request to discuss the dispute, Providence engaged local counsel, prepared and filed a complaint for copyright infringement and only then, the following day, finally reached back out to NBCU's outside counsel to have a conversation. Of course, as Providence and their counsel knew, outside counsel was attempting to engage in a discussion regarding resolution of this dispute. Instead of engaging in that discussion, counsel preemptively filed this lawsuit, and sought $14 million in claimed "damages" before responding to outside counsel. This pattern continued throughout the litigation and was addressed to the Court multiple times. At the initial scheduling conference, NBCU explained that it had reached out to Providence's counsel multiple times, and had not received any response. Thereafter, the parties engaged in lengthy, multi-hour meet and confer discussions regarding various discovery issues. In May of 2024, NBCU sent a meet and confer email proposing various resolutions, and following up on the parties' calls. Following that email, Providence's counsel stopped responding entirely on discovery issues, and was also non-responsive in connection with NBCU's attempts to schedule the Court-ordered mediation. Then, in October of 2024, many months after NBCU's last email regarding discovery issues, Providence served a motion to compel on the eve of the discovery cutoff – without making any attempt to explain why it had refused to discuss discovery for five months.

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

241069038.4
231389-10014

2

DEFENDANT'S MOTION FOR
ATTORNEY'S FEES

Providence also ignored NBCU's attempts to schedule a mediation, refusing to do so until a few days before the Court's mediation completion deadline – all but eliminating any possibility of an early and efficient resolution to this action. Providence's owner, Dale Debber, refused to sit for his deposition and, after NBCU met and conferred regarding its intent to file a motion for summary judgment, Providence belatedly announced that it was intending to file a redundant motion for partial summary judgment with regard to certain affirmative defenses.  All of these improper tactics unnecessarily added to the expense of this litigation – which, importantly, was entirely meritless and concerned only a handful of annual subscriptions costing a few hundred dollars per year.

Lastly, the goals of the Copyright Act were served in this case.  Here, Providence told its customers, including NBCU, that it could "forward" the COR on a non-profit basis.  Providence also tracked NBCU's forwards of the COR for a decade, and then attempted to secure a windfall by arguing that the very conduct it had expressly condoned constituted "copyright infringement."  Providence's claims lacked merit, and NBCU should not be penalized for defending against these meritless claims.  Many other companies have received similar demands from Providence and, without an award of attorneys' fees, Providence will continue to harangue and threaten unsuspecting customers.

For the reasons set forth herein, Defendant requests that the Court award the attorneys' fees requested.

## II.    ARGUMENT

### A.    Legal Standard

Section 505 of the Copyright Act provides that:

In any civil action under this title, the court in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof.  Except as otherwise provided by this title,

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

241069038.4
231389-10014

3

DEFENDANT'S MOTION FOR
ATTORNEY'S FEES

the court may also award a reasonable attorney's fee to the prevailing party as part of the costs.

17 U.S.C. § 505. Pursuant to the plain language of this section, attorneys' fees are appropriate and awardable, in the court's discretion.

Courts are given wide latitude to exercise their equitable discretion to award the prevailing party in any copyright action its attorneys' fees. *See, e.g.*, *Entm't Res. Group, Inc. v. Genesis Creative Group, Inc.*, 122 F.3d 1211, 1229 (9th Cir. 1997), *cert. denied*, 523 U.S. 1021 (1998). Under the "evenhanded" approach mandated by the Supreme Court in *Fogerty v. Fantasy, Inc.*, 510 U.S. 517 (1994), the same standard must be applied to prevailing plaintiffs and prevailing defendants in determining whether to award fees under § 505. As the Ninth Circuit explained:

> Fees are proper under this statute when either successful prosecution or successful defense of the action furthers the purposes of the Copyright Act. *See Fantasy, Inc. v. Fogerty*, 94 F.3d 553, 558 (9th Cir.1996) ("[A] successful defense of a copyright infringement action may further the policies of the Copyright Act every bit as much as a successful prosecution of an infringement claim by the holder of a copyright.") (quoting *Fogerty*, 510 U.S. at 527). As such, prevailing defendants as well as prevailing plaintiffs are eligible for such an award, and the standards for evaluating whether an award is proper are the same regardless of which party prevails. *Fogerty*, 510 U.S. at 534.

*Perfect 10, Inc. v. CCBill LLC*, 488 F.3d 1102, 1120 (9th Cir. 2007).

"'There is no precise rule or formula for making these determinations,' but instead equitable discretion should be exercised 'in light of the considerations we have identified.'" *Fogerty*, 510 U.S. at 534 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 436-437 (1983)). Considerations discussed by the Supreme Court include the Copyright Act's primary objective, "to encourage the production of original literary, artistic, and musical expression for the good of the public," as well as the fact that

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

241069038.4
231389-10014

4

DEFENDANT'S MOTION FOR
ATTORNEY'S FEES

defendants as well as plaintiffs may hold copyrights, the need to encourage "defendants who seek to advance a variety of meritorious copyright defenses . . . to litigate them to the same extent that plaintiffs are encouraged to litigate meritorious claims of infringement," and the fact that "a successful defense of a copyright infringement action may further the policies of the Copyright Act every bit as much as a successful prosecution of an infringement claim by the holder of a copyright." *Id.* at 524-527.

Some of the factors that a court may look to in making its decision include: "(1) the degree of success obtained; (2) frivolousness; (3) motivation; (4) the objective unreasonableness of the losing party's factual and legal arguments; and (5) the need, in particular circumstances, to advance considerations of compensation and deterrence." *Entm't Res. Group*, 122 F.3d at 1229; *see also Fogerty*, 510 U.S. at 534 n.19. Notably, such factors are "not exclusive and need not all be met." *Fantasy, Inc. v. Fogerty*, 94 F.3d 553, 558 (9th Cir. 1996) (affirming district court's award of fees after remand from Supreme Court) (explaining that "blameworthiness is not a prerequisite to awarding fees to a prevailing defendant" and upholding award of attorneys' fees to defendant even though plaintiff had pursued the litigation in good faith); *see also Smith v. Jackson*, 84 F.3d 1213, 1221 (9th Cir. 1996) (upholding award of attorneys' fees even though district court found no frivolousness).

Applying these principles, numerous courts in this District have awarded attorneys' fees to defendants in copyright infringement actions. *See*, *e.g.*, *Shame on You Prods. v. Banks*, 893 F.3d 661, 667 (9th Cir. 2018) (affirming award of attorneys' fees of $314,669 after motion to dismiss was granted); *Gable v. NBC*, No. CV 08-4013 SVW (FFMx), 2010 U.S. Dist. LEXIS 150588 (C.D. Cal. Aug. 5, 2010) (awarding $496,245 in attorneys' fees where "[t]he unreasonableness of Plaintiff's claim was apparent from a review of the two works and established as a

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

241069038.4
231389-10014

5

DEFENDANT'S MOTION FOR
ATTORNEY'S FEES

matter of law in light of well-settled copyright principles, …. [and] an award of fees will deter others from filing similarly baseless copyright actions.").

The above-cited cases involved motions to dismiss/strike, and even though this matter proceeded much further, and involved discovery, expert depositions, and dueling summary judgment motions, the fees incurred in this matter are comparable to the fees that were previously awarded by this Court in connection with those preliminary motions. As set forth below, precedent and the relevant guiding factors strongly favor an award of prevailing party attorneys' fees.

**B.    Defendant Is Entitled to Recover Attorneys' Fees Expended in Connection With The Defense of This Lawsuit.**

**1.    Degree of Success.**

NBCU clearly meets the first factor, the degree of success obtained, because Providence's suit was dismissed on the merits. *See Fogerty*, 510 U.S. at 534 n.19. The Ninth Circuit has ruled that defeating a plaintiff's claim either on a motion to dismiss, or a motion for summary judgment, constitutes complete success on the merits. *Maljack Prods, Inc. v. Goodtimes Home Video Corp.*, 81 F.3d at 881, 890 (9th Cir. 1996), *Shame on You Productions*, 893 F.3d at 668-69; *see also DuckHole Inc. v. NBCUniversal Media LLC,* No. CV-12-10077-BRO, 2013 U.S. Dist. LEXIS 157304, at *4 (C.D. Cal. Oct. 25, 2013) ("Th[e] [degree of success] factor weighs more in favor of a party who prevailed on the merits, rather than on a technical defense.").

**2.    Objective Unreasonableness.**

In *Kirtsaeng v. John Wiley & Sons, Inc.*, 579 U.S. 197, 210 (2016), the Supreme Court addressed the standard for awarding fees under the Copyright Act, and held that, in doing so, district courts should give "substantial weight" to the objective unreasonableness of a losing party's claims.

Here, Providence's claims were objectively unreasonable. In fact, **Providence litigated hundreds of alleged "infringements" that it knew, at all**

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

241069038.4
231389-10014

6

DEFENDANT'S MOTION FOR
ATTORNEY'S FEES

**relevant times, were the subject of an express statement contradicting its legal claims**.  Specifically, when Providence solicited NBCU to subscribe to its weekly newsletters, the "COR," Providence made clear that the COR "may be forwarded, copied, or distributed" on a non-profit basis.  Providence sought millions of dollars of damages based on these alleged infringements.  Moreover, even though Providence tracked its customers "forwards" for over a decade, it waited until 2023 to file suit against Defendant, and asserted that it was doing so based on **ten years** of "forwarding" data that was always within its possession and control.

Providence demanded millions of dollars from the inception of this action, and more than a year after it filed its suit, it attended a mediation (in December of 2024), where it sought damages for approximately 466 alleged "infringements." However, approximately a week later, long after the close of discovery, and well past the date for amending its complaint, Providence finally conceded during the meet and confer over NBCU's planned motion for summary judgment that approximately half of its claims (217 allegedly infringed works) were not the proper subject of this lawsuit because Providence had affirmatively told NBCU for *years* that NBCU could "forward the [COR]" on a non-profit basis.  By the time this concession was made, NBCU had litigated this case for more than a year, and had already prepared its motion for summary judgment.[1]  Even after this admission, Providence still did not agree to withdraw the remaining alleged "infringements" amounting to hundreds of claimed copyrighted works that Providence sought statutory damages for.  Providence also filed this lawsuit based on the supposed "infringement" of dozens of works that were not properly registered.  Providence was legally incapable of seeking statutory damages for those works – but that is precisely what it did.

---

[1] Providence had previously told the Court (at the Scheduling Conference) that this statement was a "typo" and did not apply to the claims in this case.

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

241069038.4
231389-10014

7

DEFENDANT'S MOTION FOR
ATTORNEY'S FEES

NBCU, therefore, was forced to engage in expert discovery, and to file and oppose motions for summary judgment/adjudication, even though the facts are, and have been, clear from the inception of this action.  Providence solicited NBCU's business on the basis that it could forward the COR so long as it did so on a non-profit basis, and Providence never advised NBCU that it was no longer permitted to do so, or that it was continuously tracking NBCU's forwarding of the COR emails.

Providence's lawsuit is part and parcel of a deliberate strategy whereby Providence has threatened to sue untold numbers of its customers for conduct that Providence expressly sanctioned.  As Providence's counsel explained at oral argument on March 6, at least three other cases involving the same, or similar, issues have been filed by Providence in California courts.

This is the quintessential case for the award of attorneys' fees to a prevailing defendant.  Providence's claims, at all times, were belied by the facts.  Providence obfuscated those facts from the Court and from NBCU, and forced NBCU to litigate this action to finality, and to incur hundreds of thousands of fees. Accordingly, Providence's claims were objectively unreasonable, unsupported by the facts and patently erroneous under applicable law.

### 3.      Frivolousness/Motivation.

Neither a finding of "frivolousness" or "bad faith" is a prerequisite to an award of attorneys' fees in copyright litigation.  *Fantasy*, 94 F.3d at 560; *see also Perfect 10, Inc. v. Giganews, Inc.*, No. CV 11- 07098-AB, 2015 WL 1746484, *8 (C.D. Cal. Mar. 24, 2015) ("[T]he fact that Perfect 10's copyright claims were not frivolous when it filed them in 2011 does not undermine the Court's ultimate conclusion that attorneys' fees would promote the purpose of the Copyright Act and are appropriate in this case").  In fact, the Ninth Circuit, in *Fantasy*, affirmed the award of $1,347,519 in attorneys' fees to a defendant even though the plaintiff's lawsuit was "neither frivolous nor prosecuted in bad faith."  94 F.3d at 556.

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

241069038.4
231389-10014

8

DEFENDANT'S MOTION FOR
ATTORNEY'S FEES

Although the law does not require a finding of "frivolousness" or "bad faith" in order to award attorneys' fees, it is clear that Providence's motivation in filing this lawsuit was to coerce a settlement of a baseless claim. This Court recently held that a plaintiff's attempts to coerce settlement of a baseless claim may be considered in connection with a finding of bad faith/improper motivation. *See Shame on You Prods. v. Banks*, No. CV 14-03512-MMM (JCx), 2016 U.S. Dist. LEXIS 195690, at *30 (C.D. Cal. Aug. 14, 2016) ("Consequently, the Court finds there is evidence that Plaintiff's motivation for filing suit was not a good faith belief in the merits of its claim, but an attempt to coerce Defendants to pay money to settle a meritless suit. This factor weighs in favor of awarding fees."), *aff'd*, *Shame on You Productions v. Banks*, 893 F.3d 661, 668 (holding that District Court did not abuse its discretion in ruling that attempting to obtain a nuisance settlement was a factor to be considered in concluding the plaintiff acted in bad faith).

Here, however, throughout this lawsuit, Providence has not acted in good faith. Providence's counsel repeatedly has failed to respond to phone calls, emails and requests to discuss the issues in the case. Prior to filing this lawsuit, NBCU's outside counsel reached out to discuss the parties' disputes and, instead of calling counsel back, Providence retained local counsel and finalized and served its complaint – only responding to counsel the following week, after the lawsuit had already been filed. Grossman Decl., ¶ 26. Thereafter, Providence's counsel failed to respond to multiple calls and emails, and that issue was raised with the Court at the initial Scheduling Conference. Then, during discovery, Providence failed to respond to meet and confer correspondence for five months and then unilaterally filed a motion to compel at the close of discovery. *Id.*, at ¶ 32. Similarly, NBCU's counsel called and emailed Providence to meet and confer regarding this motion, and Providence again failed to respond.

Moreover, Providence did not serve objections and refused to appear for all noticed depositions. *Id.* Further, these noticed depositions included Providence's

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

owner, Dale Debber, who, after refusing to appear for his noticed deposition, submitted declarations in support of Providence's summary judgment briefing.

While neither frivolousness nor "bad faith" motivation is necessary to a finding of attorneys' fees, here, Plaintiff engaged in bad faith tactics and arguments, and this factor therefore weighs in favor of the Defendant.

### 4. Compensation and Deterrence.

Awarding NBCU its attorneys' fees would also be in conformance with the fifth factor, compensation and deterrence.

The primary objective of the Copyright Act is "to encourage the production of original literary, artistic, and musical expression for the good of the public." *Fogerty*, 510 U.S. 517, 524 (1994). NBCU prevailed in this action on the merits. Awarding the attorneys' fees incurred in defending this suit encourages valid licensees to fight baseless claims, instead of paying "nuisance" or shakedown settlements in order to avoid the expense of protracted litigation. *See DuckHole Inc*, 2013 U.S. Dist. LEXIS 157304, at *13 ("Deterring non-meritorious lawsuits against defendants seen as having 'deep pockets' and compensating parties that must defend themselves against meritless claims are both laudable ends.").

An award of attorneys' fees would further serve to deter other baseless copyright suits, like Plaintiff's, which are brought against a licensee. *See Fogerty*, 510 U.S. at 534 n.19; *Zobmondo Entm't LLC v. Falls Media LLC*, No. CV 06-3459 ABC (JTLx), 2009 U.S. Dist. LEXIS 9306, at *9 (C.D. Cal. Jan. 23, 2009) (holding "baseless claims,…are inimical to the purposes of the Copyright Act" and "can chill creative expression resulting in the diminution of creative works" and [a]n award of attorney's fees would serve as a deterrent for such claims"); *Identity Arts v. Best Buy Enter.*, No. C 05-4656 PJH, 2008 U.S. Dist. LEXIS 119865, at *18 (N.D. Cal. Mar. 26, 2008) (holding "a fee award would . . . aid in deterring other would-be plaintiffs from prosecuting any similarly ill-advised and meritless claims for copyright infringement").

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

241069038.4
231389-10014

DEFENDANT'S MOTION FOR
ATTORNEY'S FEES

In this case, all of the *Fogerty* factors weigh in favor of NBCU and, as the prevailing party in this action, it should be awarded its fees and costs.

### C.    Reasonableness of the Amount of Fees Requested.

The reasonableness of an attorney's request for fees is determined by the "lodestar approach" set forth in *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). Under the lodestar calculation, a reasonable fee is the product of "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Id.*

In determining the reasonableness of an attorney's rate, the Court must review the "prevailing market rates in the relevant community." *Blum v. Stenson*, 465 U.S. 886, 895, n.11 (1984).  The proper rate to employ in computing fees is that which a lawyer of comparable skill, experience and reputation would command in the relevant community.  *Id.*

In this case, NBCU incurred more than $568,095.92 in successfully defending against Providence's claims.  The work performed by counsel included:

- Researching the factual and legal basis for Providence's claims;
- Searching for documents relating to the parties' ten-year relationship, including documentation showing that Providence represented, repeatedly, that the COR could be forwarded;
- Preparing a joint scheduling report and initial disclosures;
- Engaging in extensive discovery meet and confer discussions, including several multi-hour sessions between the parties;
- Appearing at multiple court hearings;
- Filing and defending motions to compel regarding various discovery issues;
- Engaging an expert witness, taking and defending expert depositions, preparing an expert report;

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

241069038.4
231389-10014

11

DEFENDANT'S MOTION FOR
ATTORNEY'S FEES

- Preparing for several percipient depositions – which Providence unilaterally refused to appear for;
- Preparing for and attending a mediation;
- Researching, drafting and filing a motion for summary judgment, and researching, drafting and filing an opposition to Providence's motion for partial summary judgment.

The hourly rates of NBCU's counsel are reasonable.  Counsel is experienced in the area of copyright infringement, having litigated many copyright matters in this Court as well as in numerous other federal courts throughout the country. Grossman Decl., ¶¶ 7-8.  Moreover, the hourly rates charged by counsel are commensurate with rates charged in the Los Angeles area.  Grossman Decl., ¶¶ 22-24, Ex. C; *see also Gable*, 2010 U.S. Dist. LEXIS 150588, at *21-22 (finding that "the hourly rates charged by Defendants' counsel were reasonable and consistent with the prevailing rates in the Central District for counsel of similar experience and skill", comparing the rates charged by the defendants' attorneys to "those of other intellectual property firms in the Los Angeles area").

Second, the number of hours that counsel expended in litigating this action was reasonable.  Providence's Complaint sought damages in connection with 466 alleged infringements.  NBCU was forced to investigate these claims, including by identifying defects in Providence's claimed registrations, and in its ownership of certain registrations which were premised on an improper retroactive "work made for hire" agreement with an author's widow.  NBCU filed and opposed motions for summary judgment/adjudication, engaged in expert discovery and depositions, responded to numerous discovery requests, engaged in a mediation, and did so efficiently, with only two attorneys performing virtually all of the work at issue in this litigation.

Accordingly, the amount sought by Defendants is reasonable and appropriate. Per Fed. R. Civ. P. 54(d)(2)(B), the amount sought in fees and costs in this matter is

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

241069038.4
231389-10014

12

DEFENDANT'S MOTION FOR
ATTORNEY'S FEES

set forth in the accompanying declaration of David Grossman, counsel for Defendant.

**III.    CONCLUSION**

For the foregoing reasons, Defendant requests that the Court grant this motion and award Defendant its attorneys' fees and costs incurred in the defense of this action.


Dated:  April 8, 2025                          LOEB & LOEB LLP
                                               DAVID GROSSMAN
                                               TODD J. DENSEN


                                               By: */s/ David Grossman*
                                                   David Grossman

                                               Attorneys for Defendant
                                               NBCUNIVERSAL MEDIA, LLC

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

241069038.4
231389-10014

13

DEFENDANT'S MOTION FOR
ATTORNEY'S FEES

1

## **CERTIFICATE OF COMPLIANCE**

2      The undersigned, counsel of record for Defendant NBCU, certifies that this

3  brief contains 3725 words, which complies with Local Rule 11-6.1.

4

5  Dated:  April 8, 2025              LOEB & LOEB LLP
                                      DAVID GROSSMAN
6                                     TODD J. DENSEN

7
                                      By: */s/ David Grossman*
8                                         David Grossman

9                                     Attorneys for Defendant
                                      NBCUNIVERSAL MEDIA, LLC
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

241069038.4
231389-10014

14

DEFENDANT'S MOTION FOR
ATTORNEY'S FEES